JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Eddieberto Martinez

### DEFENDANTS
American Airlines
and
John/Jane Doe 1-10

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Tarrant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Aaron J. Freiwald, Esquire
Zachary S. Feinberg, Esquire
Freiwald Law, P.C.
1500 Walnut Street, 18th Floor
Philadelphia, PA 19102
(215) 875-8000

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

*PERSONAL INJURY*
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [X] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

*PERSONAL INJURY*
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

*PERSONAL PROPERTY*
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**PRISONER PETITIONS**

*Habeas Corpus:*
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

*Other:*
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
_____

Brief description of cause:
Discriminatory and negligent handling of special needs customer's wheelchair.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE: 10/19/2021

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| EDDIEBERTO MARTINEZ | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| AMERICAN AIRLINES | : | NO. |
| and | : | |
| John/Jane Doe 1-10 | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

| | | |
|---|---|---|
| __10/19/2021__ | **Aaron J. Freiwald** | |
| **Date** | **Attorney-at-law** | **Attorney for Plaintiffs** |
| __(215) 875-8000__ | __(215) 875-8575__ | __ajf@freiwaldlaw.com__ |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _7701 Oxford Avenue, Apartment B, Philadelphia, PA 19111_

Address of Defendant: _1 Skyview Drive, Fort Worth, TX 76155_

Place of Accident, Incident or Transaction: _8000 Essington Avenue, Philadelphia, PA 19153_

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _10/19/2021_    _[signature]_    _78028_
                      *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.** *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
    *(Please specify):* _____

**B.** *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☑ 6. Other Personal Injury *(Please specify):* _Discriminatory and negligent handling of special needs customer's wheelchair causing injury._
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _Aaron J. Freiwald_, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _10/19/2021_    _[signature]_    _78028_
                      *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| EDDIEBERTO MARTINEZ<br>7701 Oxford Avenue<br>Apartment B<br>Philadelphia, PA 19111<br><br>       Plaintiff<br><br>  v.<br><br>AMERICAN AIRLINES<br>1 Skyview Drive<br>Fort Worth, TX 76155<br><br>and<br><br>John/Jane Doe 1-10<br><br>       Defendants | CIVIL ACTION NO.<br><br><br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

**I.     INTRODUCTION**

This action stems from discriminatory, negligent, and outrageous behavior towards Plaintiff Eddieberto Martinez by Defendant American Airlines and its employees, while he was a paying customer about to board Defendant's airline, which caused physical injuries and other damages to Mr. Martinez.  While about to board Defendant American Airline's plane, Plaintiff Mr. Martinez watched an American Airlines employee toss his specially-made, custom-fit wheelchair down the ramp, as opposed to properly collapsing the wheelchair and safely loading it into the airplane cargo.  Mr. Martinez's wheelchair was rendered inoperable by the actions of Defendant.  The replacement wheelchair American Airlines provided did not fit Plaintiff Mr. Martinez's body and caused a previously fully-healed pressure wound to reopen, causing Mr. Martinez to require medical treatment, confinement, and significant pain and suffering.

**II.      PARTIES**

1. Plaintiff Eddieberto Martinez is an adult citizen of the Commonwealth of Pennsylvania, who, at all relevant times, resided at 7701 Oxford Avenue, Apartment B, Philadelphia, Pennsylvania 19111.

2. Plaintiff Eddieberto Martinez suffers from paraplegia and can only move via wheelchair.

3. Defendant American Airlines, Inc. ("American Airlines") is a corporation or other entity organized and existing under and by the virtue of the laws of the State of Texas with a corporate address of 1 Skyview Drive, Fort Worth, Texas 76155.

4. At all relevant times, Defendant American Airlines operated as an airline carrier providing transportation to its customers out of the Philadelphia Airport.

5. At all relevant times, Defendant American Airlines operated as a common carrier.

6. As a common carrier, Defendant American Airlines owes its passengers the highest duty of care and diligence.

7. At all relevant times, Defendant American Airlines represented that it operates its common carrier airlines services on a non-discriminatory basis and with the capacity to transport customers with disabilities, such as Plaintiff Eddieberto Martinez.

8. Defendant Jane/John Doe 1-10 are American Airlines employees who worked for American Airlines at the Philadelphia airport and were responsible for safely handling customers' luggage and assistive devices, such as wheelchairs, including Plaintiff Mr. Martinez's custom wheelchair.

9. At all relevant times, Defendant Jane/John Doe were agents and/or employees of Defendant American Airlines.

10. At all relevant times, Defendant American Airlines was responsible for the acts of its agents and employees, including Defendants Jane/John Doe 1-10.

**III. JURISDICTION**

11. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332(a).

12. Specifically, Plaintiff is a resident of the Commonwealth of Pennsylvania.

13. Defendant American Airlines are incorporated and have their principal place of business in the State of Texas.

14. The amount in controversy, because of the devastating injuries Plaintiff has suffered, well exceeds $75,000, the federal threshold under 28 U.S.C. § 1332(a).

15. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) because all of the events or omissions giving rise to this claim occurred in this district.

**IV. FACTS**

16. On April 24 2021, Plaintiff Eddieberto Martinez was boarding a plane in Philadelphia operated by Defendant American Airlines to travel to Kansas City, Missouri.

17. Plaintiff Mr. Martinez had purchased a ticket for this airplane travel.

18. Plaintiff Mr. Martinez suffers from paraplegia and can only move around via wheelchair.

19. Plaintiff Mr. Martinez possessed and utilized a specially-made, custom-fit wheelchair, which had dimensions and cushions fit precisely for his stability, support, and comfort.

20. Plaintiff Mr. Martinez's paraplegia had never previously been an issue for him while flying. In fact, Mr. Martinez traveled on an American Airlines plane at least three prior times within the last year without incident.

21. In each of these prior times that Plaintiff Mr. Martinez traveled on a Defendant American Airlines plane, the American Airlines employee would breakdown Mr. Martinez's wheelchair, before carefully walking the wheelchair down a ramp to place it in the cargo storage area. When Mr. Martinez arrived at his destination, his wheelchair would be returned to him in proper working condition.

22. However, contrary to American Airlines policy, the American Airlines employee responsible for safely storing Plaintiff Mr. Martinez's wheelchair did not follow this same procedure on April 24, 2021.

23. Instead, Plaintiff Mr. Martinez watched as the Defendant American Airlines employee simply threw his wheelchair down a ramp, to then be loaded into storage by someone else.

24. The Defendant American Airlines employee made no attempt to breakdown Plaintiff Mr. Martinez's wheelchair.

25. The Defendant American Airlines employee made no attempt to walk Plaintiff Mr. Martinez's wheelchair down the ramp, or otherwise take proper and due care to safeguard the wheelchair.

26. The Defendant American Airlines employee made no attempt to safely and securely store Plaintiff Mr. Martinez's wheelchair in the cargo storage area.

27. Rather, the Defendant American Airlines employee carelessly and recklessly threw the wheelchair down the ramp with no concern as to the maintaining the wheelchair or for Mr. Martinez's well-being.

28. Unsurprisingly, the impact of the wheelchair hitting the ground caused damage to the wheelchair, which rendered the wheelchair inoperable.

29. While it is shocking that Defendants damaged Mr. Martinez's wheelchair in this manner, Mr. Martinez is far from the only customer who has had his wheelchair damaged by Defendant American Airlines.

30. According to the U.S. Department of Transportation's Air Travel Consumer Report, in 2020, American Airlines ranked 14 out of 16 (with 16 being the most wheelchairs mishandled) airlines in terms of how many wheelchairs they mishandled.[1]

31. According the Air Travel Consumer Report, in 2020, Defendant American Airlines mishandled 1.73% of all wheelchairs and scooters, above the average of 1.30%.

32. In 2020, Defendant American Airlines performed worse than any operating carrier that handled more than 7,000 wheelchairs, and significantly worse than other leading airlines, such as Delta (0.66%), United (1.35%), JetBlue (1.39%), and Southwest (1.51%).

33. The 2020 results were merely a repeat of the 2019 results, in which Defendant American Airlines again performed significantly worse than its competitors in this regard. In 2019, Defendant American Airlines mishandled 2.77% of all wheelchairs and scooters, above the average of 1.54%, and worse than Delta (0.91%), United (1.57%), JetBlue (1.65%), and Southwest (1.81%).

---

[1] This data is taken from the February 2021 Air Travel Consumer Report. This report is publicly available at the following website: https://www.transportation.gov/sites/dot.gov/files/2021-02/February_%202021%20ATCR.pdf

34. The above statistics can be viewed in the following chart, taken from the February 2021 Air Travel Consumer Report. *See* Footnote 1, *supra*.

**AIR TRAVEL CONSUMER REPORT**
**MISHANDLED WHEELCHAIRS AND SCOOTERS: RANKING OF U.S. REPORTING OPERATING CARRIERS (YTD)**

| RANK | CARRIER* | JANUARY - DECEMBER 2020 | | | JANUARY - DECEMBER 2019 | | |
|---|---|---|---|---|---|---|---|
| | | NUMBER OF WHEELCHAIRS AND SCOOTERS ENPLANED | NUMBER OF WHEELCHAIRS AND SCOOTERS MISHANDLED | PERCENT OF WHEELCHAIRS AND SCOOTERS MISHANDLED | NUMBER OF WHEELCHAIRS AND SCOOTERS ENPLANED | NUMBER OF WHEELCHAIRS AND SCOOTERS MISHANDLED | PERCENT OF WHEELCHAIRS AND SCOOTERS MISHANDLED |
| 1 | ALLEGIANT AIR | 6,135 | 21 | 0.34 | 17,492 | 86 | 0.49 |
| 2 | ENDEAVOR AIR | 8,525 | 41 | 0.48 | 22,005 | 112 | 0.51 |
| 3 | DELTA AIR LINES | 51,979 | 343 | 0.66 | 152,965 | 1,387 | 0.91 |
| 4 | REPUBLIC AIRWAYS | 5,765 | 63 | 1.09 | 11,220 | 208 | 1.85 |
| 5 | SKYWEST AIRLINES | 17,587 | 203 | 1.15 | 46,249 | 416 | 0.90 |
| 6 | UNITED AIRLINES | 25,684 | 346 | 1.35 | 81,879 | 1,283 | 1.57 |
| 7 | JETBLUE AIRWAYS | 11,094 | 154 | 1.39 | 30,097 | 496 | 1.65 |
| 8 | HAWAIIAN AIRLINES | 2,239 | 32 | 1.43 | 5,950 | 98 | 1.65 |
| 9 | MESA AIRLINES | 4,656 | 67 | 1.44 | 7,924 | 171 | 2.16 |
| 10 | FRONTIER AIRLINES | 11,302 | 167 | 1.48 | 21,554 | 434 | 2.01 |
| 11 | ALASKA AIRLINES | 7,990 | 119 | 1.49 | 23,972 | 200 | 0.83 |
| 12 | SOUTHWEST AIRLINES | 50,874 | 770 | 1.51 | 136,411 | 2,467 | 1.81 |
| 13 | PSA AIRLINES | 4,323 | 69 | 1.60 | 5,339 | 190 | 3.56 |
| 14 | AMERICAN AIRLINES | 40,088 | 692 | 1.73 | 71,824 | 1,988 | 2.77 |
| 15 | ENVOY AIR | 4,522 | 79 | 1.75 | 5,974 | 193 | 3.23 |
| 16 | SPIRIT AIRLINES | 6,884 | 204 | 2.96 | 25,134 | 521 | 2.07 |
| | TOTAL | 259,647 | 3,370 | 1.30 | 665,989 | 10,250 | 1.54 |

* All U.S. airlines with at least 0.5 percent of total domestic scheduled-service passenger revenues.

35. When Plaintiff Mr. Martinez arrived in Kansas City, Defendant American Airlines provided him with a standard wheelchair as a replacement for his damaged, custom wheelchair.

36. Plaintiff Mr. Martinez informed Defendant American Airlines that this standard replacement wheelchair was inadequate to provide the level of support he required.

37. Defendant American Airlines then provided a new replacement wheelchair that had a minimal amount of additional support and cushioning. This new replacement wheelchair was still far below the standards of Plaintiff Mr. Martinez's personal wheelchair.

38. Crucially, the new replacement wheelchair did not provide any support in the location of Plaintiff Mr. Martinez's recently healed wound, which was located on his lower back.

39. As such, over the next day, Plaintiff Mr. Martinez's wound re-opened, causing him significant pain and discomfort.

40. As a result of the pain, discomfort, and mobility limitations, Plaintiff Mr. Martinez was unable to fully participate in the barbering seminar that he travelled to Kansas City to attend.

41. Upon returning to Philadelphia, Plaintiff Mr. Martinez sought treatment for his wound opening at Moss Rehabilitation Center.

42. Prior to the April 24, 2021 flight, the wound had been closed for approximately two months, after it had taken eight months to heal.

43. The providers at Moss Rehabilitation Center informed Plaintiff Mr. Martinez that the wound would take several months to heal again.

44. Further, while Plaintiff Mr. Martinez's wheelchair is being repaired, he has been substantially limited in his mobility and often has been confined to his bed for several hours per day.

45. As a result of Defendants' negligent, reckless, and outrageous conduct, Plaintiff Eddieberto Martinez was caused to suffer:

    a. physical injuries;

    b. increased risk of harm;

    c. past and future medical expenses;

    d. economic damages;

    e. loss of income;

    f. emotional distress;

    g. mental anguish;

    h. pain and suffering;

    i. loss of life's pleasures; and

      j. humiliation and embarrassment.

**V. CLAIMS**

<b>COUNT ONE – NEGLIGENCE<br><u>Plaintiff v. All Defendants</u></b>

46. The preceding paragraphs are incorporated in full here as though set forth in their entirety.

47. As a common carrier, Defendant American Airlines owed Plaintiff the highest duty of care and diligence in transporting Plaintiff.

48. Defendant American Airlines acted through the conduct of its agents, servants, employees, and ostensible agents, including Defendant John Doe.

49. Defendant American Airlines is liable for its own negligence and the negligence of its agents, servants, employees, and ostensible agents.

50. Defendants' negligence and outrageous conduct included the following:

    a. Failure to properly transport Plaintiff's wheelchair safely into storage;

    b. Failure to disassemble Plaintiff's wheelchair before bringing the wheelchair into storage;

    c. Failure to walk Plaintiff's wheelchair carefully and responsibly down the ramp;

    d. Failure to take appropriate and reasonable care to ensure the safe storage and transport of Plaintiff's wheelchair;

    e. Failure to follow its own policies regarding wheelchair storage and transportation;

    f. Failure to properly train its employees on safe handling of wheelchairs and fnon-discriminatory practices;

    g. Failure to enforce its own non-discriminatory policies; and

    h. Outrageously tossing Plaintiff's wheelchair down the ramp.

51. As a result of Defendants' negligence and outrageous conduct, Plaintiff was caused to suffer the injuries set forth in this Complaint.

WHEREFORE, Plaintiff Eddieberto Martinez demands judgment for compensatory and punitive damages upon this Court of the Complaint against Defendants, individually, jointly and/or severally, together with costs of suit, interest and attorney's fees in excess of $150,000.00.

Respectfully submitted,

**FREIWALD LAW, P.C.**

BY: _____
AARON J. FREIWALD, ESQUIRE
ZACHARY S. FEINBERG, ESQUIRE

Date: October 19, 2021